UNION CENTRAL LIFE INSURANCE Co. *vs.* JAMES R. TAGGART.

Submitted on briefs Oct. 3, 1893.   Affirmed Oct. 20, 1893.

No. 8276.

Promissory Notes Taken as Payment.

One of the conditions annexed to a policy of insurance was that it "should not be valid or binding until the first premium was paid to the company," but no special mode of payment was provided for in the policy. The company delivered the policy to the assured, and took his promissory notes for the first premium. *Held* that, even in the absence of any express agreement to that effect, the company must, in judgment of law, be deemed to have accepted the notes in payment of the premium, and the policy became binding, and constituted a valid consideration for the notes.

Appeal by defendant, James R. Taggart, from an order of the District Court of Hennepin County, *Charles M. Pond,* J., made February 2, 1893, denying his motion for a new trial.

The plaintiff, the Union Central Life Insurance Company, a corporation of Cincinnati, Ohio, on December 10, 1887, issued its policy to defendant, whereby it insured his life in the sum of $2,500 in consideration of the annual payment of $100.02 to it, on December 15 in each year during the term of fifteen years. One of the conditions in the policy was, that it should not be valid until the first year's premium was paid. He paid $25.02 in cash on the first year's premium and gave his three promissory notes for $25 each for the residue. The notes fell due, but were not paid, and the Company brought this action upon them, in a Justice's Court and obtained judgment. He appealed to the District Court where the action was again tried, findings made and judgment ordered for the plaintiff. The defendant moved for a new trial, but was denied. He now appeals to this Court.

*J. F. Keene,* for appellant.

It is submitted that these notes were not payment but only promises to pay, unless there was an agreement between the parties that the notes should be accepted as payment. They do not extinguish the debt but are merely evidence of it and promises

to pay it. *Combination S. & I. Co.* v. *St. Paul City Ry. Co.*, 47 Minn. 207; *Hanson* v. *Tarbox*, 47 Minn. 433; *Geib* v. *Reynolds*, 35 Minn. 331.

The notes not being payment of the first year's premium, the policy was void and was not consideration for the notes. There was no other consideration for them, hence they are without consideration and void.

*Charles P. Barker*, for respondent.

This Court has held such a contract valid, and the weight of authority is to the same effect. *Schreiber* v. *German Am. H. Ins. Co.*, 43 Minn. 367; *Shakey* v. *Hawkeye Ins. Co.*, 44 Iowa, 540; *Williams* v. *Albany City Ins. Co.*, 19 Mich. 451; *Wall* v. *Home Ins. Co.*, 36 N. Y. 157.

MITCHELL, J. The notes in suit were executed for part of the first year's premium on a policy of insurance on the life of the defendant. One of the conditions annexed to the policy was that it "shall not be valid or binding until the first premium is paid to the company or its authorized agent." The main contention of the defendant, and the only one we deem it necessary to consider, is that there was an entire want of consideration for the notes, for the reason that, under the condition quoted, the policy never became operative, because the first year's premium had not been paid in cash. There is clearly nothing in this point.

It is usually provided that the policy, though delivered, shall not be binding until the premium is paid; and, where this is the case, the policy does not take effect, even though delivered, until the provision is complied with. But the mode of payment of the premium is immaterial if it be accepted by the company or its agent, and no special mode be provided for in the policy. The policy was silent as to the mode of payment. It was delivered with a receipt for the first year's premium attached, countersigned by the company's agent, who accepted defendant's notes for part of it. On this state of facts, even in the absence of any express agreement to that effect, the company must, in judgment of law, be deemed to have accepted the notes in payment of the premium. See *Tayloe* v. *Merchants' Fire Ins. Co.*, 9 How. 390–402.

This constituted a consideration for the notes. There is no other point in the case worthy of any special consideration.

Order affirmed.

(Opinion published 56 N. W. Rep. 579.)

