## DOIL SAWYER v. MUTUAL LIFE INSURANCE COMPANY.[1]

February 19, 1926.

No. 25,124.

**Intentional nondelivery of insurance policy proof that no contract existed.**

> A written contract, otherwise complete, does not become effective until all the parties have expressed that intention. Delivery is ordinarily but not always such an expression. The intentional nondelivery proven in this case shows no contract.

> Contracts, 13 C. J. pp. 263 n. 74; 265 n. 90; 308 n. 11 New. Insurance, 32 C. J. pp. 1095 n. 8; 1126 n. 30.

Action in the district court for Crow Wing county to recover upon a life insurance policy. The case was tried upon stipulated facts before McClenahan, J., who ordered judgment in favor of defendant. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*Ryan, Ryan & Ryan,* for appellant.

*Ambrose Tighe,* for respondent.

STONE, J.

Action for life insurance, tried upon stipulated facts. After a

[1] Reported in 207 N. W. 307.

decision for defendant, plaintiff appeals from the order denying her motion for a new trial.

Plaintiff is the widow of Edwin L. Sawyer, who departed this life April 1, 1924. November 2, 1923, he made written application to defendant for a policy on the ordinary life plan in the sum of $2,000, wherein plaintiff was to be the beneficiary. After a medical examination, the application was forwarded to defendant's home office. It contained this provision: ·

"The proposed policy shall not take effect unless and until the first premium shall have been paid during my continuance in good health, nor unless also the policy shall have been delivered to and received by me during my continuance in good health; except in case a conditional receipt shall have been issued as hereinafter provided." No conditional receipt was issued.

Pursuant to the application the policy was prepared and executed by defendant and returned to the soliciting agent, Mr. Lind, at Backus, Minnesota, for delivery to the insured. When he signed the application, November 2, 1923, Mr. Sawyer gave the agent a post-dated check for $5 and his 60 day note for $29.02. This was without the knowledge of defendant, which never received the note or check or any of the proceeds. The note was not paid, but we assume that the check was.

On or about December 12, 1923, the agent and the applicant had an interview, wherein the former explained the terms of the policy, which was then in his possession. Mr. Sawyer was asked to pay the premium and accept the policy, but in answer said: "He would try to borrow money for that purpose from some bank." In that effort he failed. He told Mr. Lind so and that he could not pay then, but hoped to at his next pay day. He said frankly that he was not altogether sure of that because of other demands. The agent retained the policy until January 31, 1924, when he returned it to defendant for cancelation. Mr. Sawyer never demanded its delivery. On February 8, 1924, the agent wrote him in part as follows: "We are still holding your note for balance of premium

* * * Is there not some way by which you can arrange to take care of half the amount due? We will then have your policy restored to good standing * * * and mail it to you."

It was concluded below that no contract was ever completed between Mr. Sawyer and defendant. That is the only question and its consideration is simplified, if to start with we recall that a written agreement, even though complete and settled in all its terms, does not become binding as a contract until the parties express an intention that it be so. However final otherwise, it is no contract until all the parties have assented to its becoming one. So, whatever the intention of one or whatever the manner of its expression, as long as it is clear that the other party has never assented to the agreement becoming effective as one, it is no contract. It is competent for parties to consent to become bound contractually without or before delivery of the written expression of their agreement. Delivery is significant, ordinarily but not always controlling, because it is the conventional method of expressing the final assent of the parties to become bound contractually.

It is clear that defendant never assented, through its agent or otherwise, to the policy's going into effect as a contract. The conduct of Mr. Sawyer himself indicates that understanding rather than the contrary. Even though we allowed the argument for plaintiff, that transmission of the policy to the agent might have been equivalent to delivery to Mr. Sawyer, we would still be confronted by the fact, inescapable on this record, that neither defendant nor its agent assented to the policy's going into effect. There is nothing in the decision, as distinguished from the discussion, of Kilborn v. Prudential Ins. Co. 99 Minn. 176, 108 N. W. 861, which is to the contrary. "The only serious question" in that case was "whether the premium was paid by the delivery of the notes in question." The answer was in the affirmative. The opinion recognizes (Id. 180) that "where an insurance policy provides that it shall not be effective until the first premium is paid, it does not take effect even although delivered until this provision is complied with." But the opinion proceeds: "The manner in which payment

is made is immaterial if it is at the time acceptable to the company." In the instant case the conclusion is well sustained that its agent, to say nothing of defendant, did not consider the post-dated check and 60-day note acceptable or effective as payment of the premium. All the circumstances are to the contrary. So even if payment of the premium were the only thing involved, the Kilborn case would not be controlling.

The situation is very different also from that in Coughlin v. Reliance Life Ins. Co. 161 Minn. 446, 201 N. W. 920. The premium notes there in question were on special forms prepared and habitually used by the insurer and by it they had been accepted, not for a first but for a renewal premium. So the insurer was estopped to deny that they were in payment of the amount due. The notes with an amount in cash, computed upon the cost of term insurance, had been accepted and retained by the company until after the death of the insured who had retained the policy. Upon those circumstances was the estoppel expressly predicated. The facts of this case are so different that further comment would be superfluous, but see Reagan v. Philadelphia Life Ins. Co. 165 Minn. 186, 206 N. W. 162.

Here there is no suggestion that the company received or even knew of the post-dated check and note. It never received or authorized either. Moreover, as already indicated, the circumstances show that the agent did not accept them in payment of the premium. Finally, there is the conduct, almost conclusive, of Mr. Sawyer, indicating that he knew very well that he had not paid the premium and in consequence was not entitled to the policy and had no insurance. But, we repeat, neither his intention nor the expression of it could be controlling so long as there was lacking the assent of defendant to the policy's going into effect.

There is nothing in Union Cent. Life Ins. Co. v. Taggart, 55 Minn. 95, 56 N. W. 579, 43 Am. St. 474, which helps plaintiff's case. Her counsel claim that, applied here, it requires us to say that defendant "must, in judgment of law, be deemed to have accepted the notes in payment of the premium." The quoted language was used,

but in application to facts compelling a conclusion, not only that notes had been given and accepted in payment of a premium, but also that the maker had had the benefit of the insurance so paid for. The argument here made for plaintiff upon the Taggart case attempts to separate part of a judicial opinion from both its context and its facts, and make it justify a conclusion never intended by its author.

Neither is a case made for plaintiff by section 3757, G. S. 1923, which provides that every agent negotiating insurance "shall be held to be the company's agent for the purpose of collecting or securing the premiums therefor, whatever conditions or stipulations may be contained in the contract or policy." The simple fact of this case is that the agent never received payment of the premium.

We have considered all of the argument for plaintiff and are of the opinion that the conclusion reached below is well sustained, if not compelled, by the facts. The conduct of the parties is unequivocal. Their subsequent conduct, within the rule of Ikenberry v. New York Life Ins. Co. 127 Minn. 215, 149 N. W. 292 (same case 134 Minn. 432, 159 N. W. 955), had and was expressly given its proper evidentiary effect. That of Mr. Sawyer was in the nature of an admission against interest.

Order affirmed.