JOSEPHINE ZEMLER v. NEW YORK LIFE INSURANCE
COMPANY.[1]

April 19, 1929.

No. 27,240.

*Doherty, Rumble, Bunn & Butler,* for appellant.
*Mueller & Erickson,* for respondent.

TAYLOR, C.

Defendant appeals from a judgment on a life insurance policy rendered after a denial of its motion for judgment notwithstanding the verdict. The facts are practically undisputed, and the sole question is whether the policy ever went into effect.

Hilda Zemler, 22 years of age, resided with her parents on a farm and taught a near-by school. On October 10, 1927, she made an

[1]Reported in 225 N. W. 81.

274

application for a policy payable to her mother, the plaintiff, and on the same date executed her promissory note, payable December 1, 1927, to R. J. Stewart, the soliciting agent of defendant, for the amount of the first premium. On October 19, 1927, defendant forwarded the policy from its home office in New York through its branch office in St. Paul to Stewart, who received it on Sunday, October 23, 1927. On Saturday, October 22, 1927, Miss Zemler was attended by a physician and was thereafter continuously so attended until her death on October 30, 1927. Stewart never delivered the policy but returned it to defendant's branch office in St. Paul and later returned the note to plaintiff.

The application provided that the insurance "shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium therefor paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination."

It also provided "that if the applicant, at the time of making this application, pays the agent in cash the full amount of the first premium * * * and so declares in this application and receives from the agent a receipt therefor on the receipt form which is attached hereto," and was at that time an insurable risk as shown by the medical examination, "then said insurance shall take effect and be in force under and subject to the provisions of the policy applied for from and after the time this application is made, whether the policy be delivered to and received by the applicant or not."

The application further provided that only certain specified general officers of the company "can make, modify or discharge contracts, or waive any of the company's rights or requirements;" and that the soliciting agent had no authority "to accept risks or pass upon insurability;" and "that notice to or knowledge of the soliciting agent * * * is not notice to or knowledge of the company."

The application also provided that the policy should bear date not as of the date of the application but as of the date it was written, and it bore the date of October 19, 1927, the date on which it was mailed from the home office.

The questions presented have been passed upon and determined in our prior decisions. No contract of insurance came into existence under the provision first cited until the policy was delivered to the insured and the first premium therefor paid in full in her lifetime and before she had been treated by any physician subsequent to her medical examination. The policy was never delivered, the premium was never paid, and the applicant was being treated by a physician for her fatal malady before the policy reached the agent. The policy did not go into effect under this provision. Sawyer v. Mut. L. Ins. Co. 166 Minn. 207, 207 N. W. 307; Reagan v. Philadelphia L. Ins. Co. 165 Minn. 186, 206 N. W. 162; Olson v. American C. L. Ins. Co. 172 Minn. 511, 216 N. W. 225; Bowen v. Prudential Ins. Co. 178 Mich. 63, 144 N. W. 543, 51 L.R.A. (N.S.) 587.

No contract of insurance came into existence under the other provision unless the first premium was paid in cash at the time of making the application, and the applicant declared in the application that it had been so paid, and received from the agent a receipt in the form attached to the application so stating. The premium was never paid in cash or otherwise; the application contains no declaration of such payment; and no receipt in any form was ever issued. The policy did not go into effect under this provision, for none of the conditions precedent were complied with. Cases cited above.

Plaintiff contended that the note had been taken in payment of the first premium, and that the provision requiring the first premium to be paid in cash had been waived. Whether it had been waived was the question submitted to the jury; but an examination of the record discloses no evidence which would justify a finding that any of the requirements stated in the application had been waived. Agents frequently took notes payable to themselves for the first premium, to which defendant made no objection, but promulgated and enforced this rule:

"You must not take notes to the order of the company or to the company's branch office cashier. The company will not accept notes

in full or in part payment of the first year's premium. A note, if taken, is entirely at the agent's risk and convenience. The company accepts only cash in payment of first year's premiums."

Defendant also directed the agent not to issue the receipt attached to the application "for anything except cash." The uncontradicted testimony shows that these requirements and restrictions were explained to Miss Zemler, and that she was informed that the policy would not go into effect unless the premium was paid in cash; and there is nothing in the record which would justify an inference that she understood or had any reason to believe that the policy would go into effect until the actual payment of the premium. For the reasons stated no insurance contract was ever consummated; and the judgment is reversed and judgment directed for defendant.