STANDARD ACCIDENT INSURANCE COMPANY *v.* PHILPOT CONSTRUCTION COMPANY.

Opinion delivered April 27, 1931.

696

*Moore, Gray & Burrow* and *Everett B. Gibson, Jr.,* for appellant.

*Harry T. Wooldridge,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the law does not warrant the taxing of an attorney's fee and judgment for 12 per cent. damages upon the recovery of a judgment against the insurer upon a policy of liability insurance, and its contention must be sustained.

The statute (§ 6155, Crawford & Moses' Digest) provides: "In all cases where loss occurs, and the fire, life, health or accident insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of such loss, twelve per cent. damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss; said attorneys' fees to be taxed by the court where the same is heard on original action, by appeal or otherwise and to be taxed up as a part of the costs therein and collected as other costs are or may be by law collected."

This statute is highly penal, and should not be held to apply to any loss or insurance company not therein expressly named; as was said in *Home Fire Insurance Co.* v. *Stancell,* 94 Ark. 578, 127 S. W. 966, where it was held it did not apply to cases for loss caused by cyclone

and for which a cyclone insurance company was liable. In *National Union Fire Ins. Co.* v. *Crabtree*, 151 Ark. 561, 237 S. W. 97, the court reversing the judgment of a lower court allowing plaintiff to recover penalties and attorneys' fees on an automobile theft policy, said: "The court erred, however, in rendering judgment for penalty and attorney's fees. The imposition of penalties and attorney's fees is limited to suits against fire, life, health and accident insurance companies, and the statute does not apply to a suit for loss caused by theft under that kind of insurance. Crawford & Moses' Digest, § 6155. We held, in the case of *Home Fire Ins. Co.* v. *Stancell,* 94 Ark. 578 [127 S. W. 966], that the statute, being penal, should not be held to apply except in cases falling within its particular terms. We decided in that case that the statute did not apply to a loss caused by a cyclone under a policy of insurance against that character of loss."

The court has also held that the attorney's fees and penalty provided by the statute could not be recovered under a policy of tornado insurance issued by a fire insurance company. *National Union Fire Ins. Co.* v. *Henry*, 181 Ark. 637, 27 S. W. (2d) 786. See also *Mears Mining Co.* v. *Maryland Casualty Co.*, 162 Mo. App. 178, 144 S. W. 883; *Western Indemnity Co. Free and Accepted Masons of Texas*, (Tex.) 198 S. W. 1092; *Ocean Accident and Guaranty Corporation* v. *Northern Texas Traction Co.*, (Tex.) 224 S. W. 212.

Only 4 kinds of insurance companies are included in said statute, fire, life, health, or accident insurance companies, and it makes no provision for the allowance of damages and attorney's fees where the loss is caused or claimed under any other kind of policy of insurance. Liability insurance, of the kind provided for in the policy issued by appellant company to appellee company, is a distinct and important line of insurance and was already well developed when the statute was passed, and, since it was not named therein, such companies or the company issuing the policies of insurance is not liable

to the holder of the policy in case of loss for the damages and attorney's fees allowed by said statute.

The authority of our cases *supra* are not impaired by the decisions in *Springfield Mutual Assn.* v. *Atnip,* 169 Ark. 968, 279 S. W. 15; and *Illinois Banker's Life Assn.* v. *Mann,* 158 Ark. 425, 250 S. W. 887, both suits are life insurance contracts relied on by appellee. The language of the court in the last case construing such statute being: "This apparently includes all insurance companies, and does include all companies except those exempted by other legislation from the operation of that section," which obviously means "all insurance companies" named in said statute (§ 6155, Crawford & Moses' Digest) or issuing contracts or policies of insurance of the class or kind issued by such designated companies, and these cases relate especially to whether the companies issuing such insurance as that named in such statute had been exempted from the provisions and operation thereof by statute later enacted exempting fraternal insurance societies from such penalties; and certainly the court erred in allowing the recovery of damages and attorney's fees herein on the judgment upon suit brought for an attorney's fee earned and agreed to be paid for the defense of any suit based upon such policy of insurance upon which there was no recovery.

The majority is of opinion that there is sufficient testimony to support the judgment for recovery of the fee by appellee for defense of the Strobel suit against it, since appellant company agreed to pay the expenses thereof. It was not bound to defend the suit or to the payment of damages under its policy for the injury to Miss Strobel, since its liability was conditioned against and expressly limited by the policy to exclude liability for any such injury.

For the error of the court in allowing the recovery of damages and attorney's fees on the amount appellant was liable to the payment for under its agreement with appellee to defend the Strobel suit against it, the judg-

ment must be modified and reduced in said sum and amount, and, as modified, will be affirmed. It is so ordered.

BUTLER, J., concurs in the judgment only.