GLOBE & RUTGERS FIRE INSURANCE COMPANY
*v.* CHISENHALL.

Opinion delivered February 4, 1924.

1. INSURANCE—POLICY ON DWELLING AND BARN—ACCEPTANCE OF CHECK.—Where a fire insurance policy insured plaintiff's dwelling for $2,000, and his barn for the same amount, it in effect constituted two policies, and, where both buildings were destroyed by fire, acceptance by insured of a check for $2,000 which recited

that it was in full satisfaction of the loss by fire on a named date to property described in the policy, which was thereby canceled and surrendered, was a cancellation only of the portion of the policy covering the house.

2. APPEAL AND ERROR—OBJECTION NOT RAISED BELOW.—Objection to the allowance of an attorney's fee as being excessive in a suit on a fire insurance policy cannot be urged on appeal for the first time.

Appeal from Mississippi Circuit Court, Osceola District; *W. W. Bandy,* Judge; affirmed.

*Hughes & Hughes,* for appellant.

1. A policy of insurance may be canceled independent of its provisions, by mutual consent. 109 Ark. 17; 2 Clement on Fire Insurance, 409, and cases cited; 13 Lea (Tenn.) 340; 105 Fed. 286; 207 S. W. 922; 12 S. W. (Ark.) 155; 14 R. C. L. 1019, and cases cited. The court was in error in treating the writing in evidence as a mere receipt. By its terms it is a contract. 4 Wigmore on Evidence, § 2432; 96 Ark. 405; 102 Ark. 428; 115 Ark. 123.

2. The amount allowed as attorneys' fees is excessive. 158 Ark. 199.

*Driver & Simpson,* for appellee.

1. The attempted cancellation of the policy sued on here was not in contemplation of the parties, nor intended by either appellant or appellee, in the adjustment and payment of the first loss. But appellant relies upon a rescission by mutual consent. There is here an absence of that "concurrence of wills" to unmake the contract, and that "mutual release" from the old contract necessary to constitute the consideration therefor, that is recognized as necessary by the authorities cited by appellant. 105 Fed. 286, 287; 12 S. W. 155; 207 S. W. 922. See also 88 Ark. 371; 72 Ark. 234; 21 Ark. 357; 112 Ark. 169; *Id.* 223.

2. If the check given in this case was more than a receipt, if it is a contract, it is without consideration and void. 31 Ark. 728; 121 Ark. 194.

3. The policy sued on provided for cancellation upon five days' notice. 2 Black on Rescission and Cancellation, § 481; *Id.* § 483. An insurance company can exer-

cise the right to cancel a policy only as therein provided. 76 Ark. 180; 108 Ark. 131.

HUMPHREYS, J. Appellee instituted this suit against appellant in the circuit court of Mississippi County, Osceola District, to recover $2,000 on an insurance policy issued by appellant to him, insuring his barn against loss by fire.

Appellant interposed the defense that the policy had been canceled by written contract before the barn was destroyed by fire.

The cause was submitted to a jury on the pleadings, testimony introduced by the parties and the instructions of the court, which resulted in a verdict and consequent judgment for the amount claimed, including interest of $70, a statutory penalty, and an attorney's fee. An appeal has been duly prosecuted to this court from the judgment.

Appellant contends for a reversal of the judgment upon the alleged ground that the undisputed evidence shows an express cancellation of the policy sued upon.

The facts are that appellant issued a policy to appellee, insuring his dwelling-house against loss by fire in the sum of $2,000, and his barn, on the same farm, against loss by fire in the same amount. The farm was under mortgage to the Deming Investment Company, and the policy contained a mortgage clause protecting it according to its interest. The policy remained in the possession of said mortgagee. It covered a period of three years, the premium thereon being $165, which was paid in advance by appellee. The dwelling-house burned on February 12, 1921, and appellant paid appellee $2,000, the full amount of insurance carried upon it. The payment was made by check in the following form:

"$2,000.00                30486                No. 159832
    "GLOBE & RUTGERS FIRE INSURANCE COMPANY.
          "New York, Apr. 6-1921 192—
             "Chemical National Bank.
"Pay to the order of R. A. Chisenhall and Deming Investment Company, mortgagee, the sum of $2,000 and 00 cts.

dollars, which payment, evidenced by proper indorsement hereof, constitutes full satisfaction of all claims and demands for loss and damage by fire which occurred on or about Feb. 12, 1921, to property described in policy No. 1537545, issued at the Osceola, Ark., agency, and said policy is hereby canceled and surrendered.   Loss No. 108244.

"J. H. MULVEHILL, Secy.   (Marsh)
"W. H. PAULISON, Vice-Prest."

The following indorsement appeared upon the check:

"In consideration of the sum hereby paid, all claims and demands whatsoever against the Globe & Rutgers Fire Insurance Company, connected with the within mentioned claim, for loss or damage, are released, compromised, settled and forever discharged.

"Amount of loss $2,000.   Discount—— Expense——

"Amount of check, $2,000. Indorse here. For deposit in Birmingham Trust & Savings Co.

"R. A. Chisenhall.

"Pay to the order of R. A. Chisenhall, without recourse.

"The Deming Investment Co., per D. S. Waskey, mortgagee, vice-president.

"Paid by the Chemical National Bank of New York, June 8, 1921."

The amount collected was credited on the mortgage. The policy was not returned to appellant, nor did appellant refund the unearned premium thereon to appellee. In the month of May, 1922, the barn was destroyed by fire, and payment was refused, whereupon this suit was instituted.

Appellant contends for a reversal of the judgment upon the ground that it was released from further obligation on the policy by payment of $2,000 when the house burned. We do not so construe the check and indorsement thereon. The check recites that it was in "full satisfaction of all claims and demands for loss and damage by fire which occurred on, or about, February 12, 1921, to property described in policy No. 1537545, issued

at Osceola, Ark., agency, and said policy is hereby canceled and surrendered.'' The indorsement provided that the payment was in release, compromise and settlement of the loss or damage connected with the claim mentioned in the check. The claim mentioned in the check was for the destruction of the dwelling-house. The dwelling-house was the only building destroyed on February 12, 1921. The barn was not destroyed until May, 1922. The cancellation of the policy mentioned in the check necessarily related to that portion therein covering the house. While the policy was written upon one paper and bore one number, it covered two pieces of property, insuring each in separate amounts against loss by fire. In effect, the policy constituted two contracts of insurance embraced in one paper. The cancellation and surrender of the one did not affect the other. Under this interpretation of the contract the check and indorsement thereon was not a cancellation and surrender of the policy on the barn. It was only a cancellation and surrender of the policy on the dwelling-house.

Appellant also insists that the amount allowed as attorney's fee in the case is excessive. This question is raised here for the first time. No objection was made or exception saved to the allowance in the trial court. This should have been done, if appellant thought the amount was unreasonable.

No error appearing, the judgment is affirmed.