NATIONAL UNION FIRE INSURANCE COMPANY *v.* HENRY.

Opinion delivered April 21, 1930.

*Dudley & Dudley,* for appellant.

*C. D. Frierson* and *Cooley & Adams,* for appellees.

638

MEHAFFY, J. This action was brought to recover on an insurance policy issued by the National Union Fire Insurance Company to W. I. Henry. On October 8, 1926, W. I. Henry was the owner of a tract of land situated in Greene County, Arkansas, on which there was a dwelling house. The policy issued by appellant insured the building for $700, and the furnishings which were in the building for $300. Henry had given a mortgage on the real property to the American Trust Company for $500, and there was a clause in the policy which provided that the loss or damage, if any, should be payable to the American Trust Company as interest may appear. Henry and wife, on January 1, 1929, sold the real estate to E. N. Calhoun. Thereafter, on April 10, 1929, the house was struck by a tornado, and it was alleged that it was damaged in the sum of $830. The personal property was alleged to have been damaged in the sum of $100. After Henry sold the house, he retained one room for his use, and kept some of the property described in the insurance policy in this room, and it was in this room at the time of the tornado. The American Trust Company assigned and transferred to Mrs. Fannie Blum the notes and mortgage which had been executed by Henry to the American Trust Company, but it guaranteed the payment of the notes and mortgage to Mrs. Blum, and guaranteed that if foreclosure was necessary, it should be made without cost to her. This suit was brought by Henry, American Trust Company and Calhoun. Henry claimed that his personal property had been injured to the extent of $100, and asked judgment for that amount. He did not claim any interest in the building; he had already sold that to Calhoun. Calhoun claimed damage to the building, and the mortgage company sued for the amount due on the mortgage. The insurance company answered, admitting the issuance of the policy as stated by plaintiffs in their complaint, and that there was a mortgage clause in favor of the American Trust Company. It denied the extent of the damage, both to the building and the furniture, and denied the right of the plaintiffs, or either of them, to

recover any sum whatever. It alleged that in the policy special reference was made to the assured's application, and the agreements therein, which were made part of the policy. The facts are practically undisputed. There was a judgment in favor of the American Trust Company for the amount of its mortgage, with interest, 12 per cent. damages and $100 attorney's fee; there was also a judgment in favor of Henry for $100, 12 per cent. damages and attorney's fee of $50; and a judgment in favor of the insurance company as against Calhoun. The insurance company prosecutes this appeal to reverse said judgments.

Appellant does not controvert the fact that the policy when issued was valid, nor does it deny that there was a mortgage clause in favor of the American Trust Company. It is conceded that the premiums had been paid, and that proof of loss had been made. Appellant contends, however, that the case should be reversed because Henry, to whom the policy had been issued, had sold the real property prior to the damage done to it, and that he was for that reason not entitled to recover, and that no one else was entitled to recover. Appellant cites and relies on *Langford* v. *Searcy College*, 73 Ark. 211, 83 S. W. 944. This case, however, has no application. It is true that the contract of insurance was said in that case to be a personal contract, but in that case there was no clause in the policy for the benefit of any person other than the insured. A purchaser of property, which has been insured, acquires no interest under the insurance policy, because, as said in the above case, it was a personal contract, and it did not run with the title to the property.

Attention is next called to the case of *Lett* v. *Guardian Fire Ins. Co.*, 125 N. Y. 82, 25 N. E. 1088, which also holds that a policy of insurance is a personal contract, and that the obligation does not pass to the purchaser. Attention is also called to 14 R. C. L. 1114 and 1115. All of these authorities are to the same effect, and all hold that the obligation of the insurance company does not pass to

the purchaser of the insured property, but that is not the question here. Here the policy itself expressly provided that the loss or damage, if any, under this policy, shall be payable to the American Trust Company of Jonesboro, Arkansas, as first mortgagee, as its interest may appear. It therefore appears that the loss was made payable to the American Trust Company, made for its benefit, and it was the proper party to maintain the suit. Our statute provides ''that every action must be prosecuted in the name of the real party in interest,'' etc. Section 1089, C. &. M. Digest. *Burlington Ins. Co.* v. *Lowery,* 61 Ark. 108, 32 S. W. 383.

The policy also provides that the insurance as to the interest of the mortgagee only therein shall not be invalidated by any act or negligence of the mortgagor or the owner of the within described property, nor by any foreclosure or other proceedings, or notice of sale relating to the property, nor by any change in the title or ownership in the property, etc. It will therefore be seen that the policy itself provides for a recovery or authorizes a recovery by the mortgagee, notwithstanding the mortgagor had sold the property. The fact that the mortgagor by selling the property or conveying it will make the policy void as to the mortgagor does not make the policy void as to the mortgagee, especially where the contract expressly provides that it shall not do so, as it does in this case. But the appellant contends that the mortgagee deprived itself of the right to maintain the suit by selling the note and mortgage to Mrs. Blum. In this case, however, it appears that, while the mortgagee had sold the notes and mortgage to Mrs. Blum, it had guaranteed the payment and was still liable to Mrs. Blum, and it was the only party which could have maintained the suit. Mrs. Blum had no interest in the policy, and its obligation did not run with the title to the property, and it was not insured for her benefit. This feature of the case is exactly similar to those cases relied on by appellant, beginning with the 73 Ark., *supra,* where it is held that the contract is a personal one

and does not run with the title to the property. Mrs. Blum acquired no interest in the policy by reason of purchasing the notes and mortgage, and the American Trust Company did not deprive itself of the rights under the policy by selling the notes and mortgage and guaranteeing to Mrs. Blum the payment. In other words, it was still liable, and there was nothing in the transaction that would deprive it of the right to maintain the suit. Mrs. Blum was not mentioned in the mortgage, it was not made for her benefit, and she was not a proper party and could not have maintained the suit. The mortgagee alone had the right under the policy to sue, and the transfer of the notes and mortgage under the circumstances in this case did not deprive it of that right. There was no change that was detrimental to the insurer, and this court has held that changes referred to in the policy mean changes detrimental to the insurer. *National Fire Ins. Co.* v. *Avant,* 167 Ark. 307, 268 S. W. 20.

"Under modern practice acts, however, requiring all actions to be brought in the name of the real party in interest, it is the general rule that, where the mortgage equals or exceeds the loss under a policy containing a loss payable clause, the mortgagee is the proper person to bring suit, even though he has assigned the mortgage, if he has guaranteed payment." 14 R. C. L. 1427. *Phenix Ins. Co. of Brooklyn* v. *Omaha Loan, etc.. Co.,* 41 Neb. 834, 60 N. W. 133, 25 L. R. A. 679.

Appellant contends, however, that the mortgagee is not entitled to recover, because it did not notify the insurance company of the change in ownership. The mortgage clause in the policy contains the following provision: "The mortgagee shall notify the insurance company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of the mortgagee, and that fact shall be noted on the policy, and the mortgagee shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise, this policy shall be null and void. The mortgagee

did not notify the insurance company. The clause requiring notice of change clearly indicates that a change increasing the hazard was meant. It is not contended that the change increased the hazard. His failure to give such notice would have been material only where it would have caused prejudice or increased the risk to the insurance company, and there is no pretense of such a thing here." *Whitney* v. *American Ins. Co.*, 6 Cal. Unrep. 220, 56 Pac. 50; *Russell* v. *Cedar Rapids Ins. Co.*, 78 Iowa 216, 42 N. W. 654, 4 L. R. A. 538.

The property insured was sold by Henry to Calhoun. Calhoun also joined as plaintiff and sought to recover, but the court properly held that he was not entitled to recover. The company was under no obligation to him, and when he purchased the property he did not thereby acquire any rights in the insurance contract, and Henry by selling the property deprived himself of any right to maintain a suit for damage to the real property.

It is also contended by the appellant that Henry is not entitled to recover damage to personal property, because he had sold the real property. While the policy was written upon one paper and bore one number, it covered two separate pieces of property, insuring each in separate amounts against loss by fire or tornado. The building was insured for $700. The personal property in the house was insured for $300.

As said by this court: "In effect the policy constituted two contracts of insurance embraced in one paper. The cancellation and surrender of the one did not affect the other." *Globe & Rutgers Fire Ins. Co.* v. *Chisenhall*, 162 Ark. 231, 258 S. W. 135.

Sale of the real property therefore in this case did not avoid the policy as to the personal property. There was certainly nothing done which would in any way increase the risk. There might be some justification to argue that the sale of the dwelling would increase the risk as to the personal property against loss by fire, but it would certainly have nothing to do with increasing the risk as to a tornado.

Insurance contracts are to be construed like other contracts, and are construed most strongly against the insurance company which makes the contract. The purpose of providing in the policy against any change in interest or ownership of the property is for the benefit of the insurance company, and it is necessarily meant a change that will be detrimental to the insurance company.

The next contention is that the court erred in allowing damages and attorney's fees. The statute provides that: "In all cases where loss occurs and the fire, life, health or accident insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of such loss, 12 per cent. damages upon the amount of such loss together with all reasonable attorneys' fees for the prosecution and collection of said loss," etc. Section 6155, C. & M. Digest. It will be observed that the statute does not mention tornado insurance.

This court said: "But the provisions of the act only apply in cases where the loss occurs and a fire, life, health or accident insurance company is liable therefor. It does not provide for the allowance of such damages and attorneys' fees in case where a loss is caused by a cyclone, and a cyclone insurance company is liable therefor. The act is highly penal, and it should not be held to apply to any loss or company that is not therein expressly named. It therefore should not be held to apply to cases where the loss is caused by cyclone and a cyclone insurance company is liable therefor." *Home Fire Ins Co. of Okla.* v. *Stancell,* 94 Ark. 578, 127 S. W. 966.

Since the loss in the instant case was caused by a tornado, and the statute does not provide for the allowance of such damages and attorney's fees in cases where the loss is caused by a tornado, it is not liable for such damages and attorney's fees. The court properly instructed the jury, and under the policy no act of Calhoun or Henry could affect the rights of the American Trust

Company. The policy itself provided that the American Trust Company's rights should not be affected by any act of the insured. There was nothing done in this case by any one in any way which increased the risk.

It follows that the judgment in favor of the American Trust Company and the judgment in favor of Henry must be affirmed, but the judgments for 12 per cent. damages and attorney's fees will be reversed, and the claim for such damages and attorney's fees be dismissed. It is so ordered.