NEW YORK UNDERWRITERS INSURANCE COMPANY OF NEW YORK *v.* JARVIS.

4-5161                                          120 S. W. 2d 8.

Opinion delivered October 3, 1938.

*Gordon Armitage,* for appellant.

*John Ferguson,* for appellee.

MEHAFFY, J. This action was begun in the White circuit court by appellee to recover against the appellant on an insurance policy. It alleged that the policy was issued by the appellant and was in full force and effect, and the property was damaged by a windstorm in the sum of $168.06; that due notice and proof of loss was made, and the appellant refused to pay. Appellee alleged in his original complaint that there was a mort-

gage on said property to the Home Owners' Loan Corporation in the amount of approximately $1,300.

The appellant filed a demurrer alleging; first, that the complaint did not state facts sufficient for a cause of action; second, that the Home Owners' Loan Corporation had a mortgage on the property and was a necessary party to the suit; third, that if the Home Owners' Loan Corporation's interest was greater than the amount sued for, it was the proper party to bring the action; fourth, that the policy had a loss-payable clause for a sum greater than the amount sued for, and that, therefore, the plaintiff had no interest in the suit; that the Home Owners' Loan Corporation made a report which showed the property was not damaged; and the appellant prays that the cause be dismissed.

The appellant then filed answer specifically denying the allegations in the complaint. An amendment was thereafter filed to the complaint alleging that the Home Owners' Loan Corporation had a mortgage and was a necessary party, and asked that it be made a party defendant. The attorney for the Home Owners' Loan Corporation had written a letter in which he said he preferred that it be made a party defendant.

The New York Underwriters Insurance Company of New York was summoned as a party defendant, and the insurance company filed a demurrer on the grounds that the complaint did not state facts sufficient for an action at law. The court overruled the demurrer and appellant then filed a motion to strike as to 12 per cent. damages and attorneys' fees. The appellant thereafter filed an amended answer stating that Jarvis did not have sufficient interest in the suit to make him a party plaintiff.

The Home Owners' Loan Corporation filed an answer. The insurance policy contained a mortgage clause making loss, if any, payable to mortgagee as its interest might appear.

There was a trial and the jury returned a verdict for the appellee in the sum of $168.06. Motion for new trial was filed and overruled, and the case is here on appeal.

The appellee owned the dwelling and there was a mortgage on it to the Home Owners' Loan Corporation in the sum of $1,300. There was a windstorm that damaged the property, and the insurance company admitted the execution and existence of the policy at the time. There was some conflict in the evidence as to the amount of damage, but not a great deal, and this question was settled by the verdict of the jury.

The appellant urges that the judgment should be reversed because the court erred in failing to sustain the demurrer to the amended complaint. It is contended that, there being a mortgage on the property for an amount greater than the amount for which appellee sued, the mortgagee, and not appellee, was the party in interest and that the suit should have been brought by it.

Attention is called to the case of *National Union Fire Insurance Company* v. *Henry,* 181 Ark. 637, 27 S. W. 2d 786. In that case, besides stating what the general practice was under certain circumstances, it was stated that the policy itself provided for a recovery or authorized a recovery by the mortgagee, notwithstanding the mortgagor had sold the property. In that case the mortgagor had no interest in the property and could not have maintained the suit; but in the instant case the appellee did have an interest in the property and had a right to sue.

Our statute provides: "Every action must be prosecuted in the name of the real party in interest, except as provided in §§ 1307, 1309 and 1310." Pope's Digest, 1305.

Section 1311 of Pope's Digest provides: "All persons having an interest in the subject of an action, and in obtaining the relief demanded, may be joined as plaintiffs, except where it is otherwise provided."

It is not "otherwise provided" in this action, and certainly the appellee had an interest and was a real party in interest. To be sure, the insurance company should have been made a party; but it did file an answer, enter its appearance, and case was tried. See 26 C. J. 483 *et seq.*

Section 1317 of Pope's Digest provides: "The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights. But when a determination of the controversy between the parties before the court cannot be made without the presence of other parties, the court must order them to be brought in."

Moreover, the original complaint of the plaintiff stated that the property was mortgaged, thereby stating that the mortgagee had an interest, and it was proper that it be made a party. Since the mortgagee was made a party, there was no error in overruling the demurrer.

It is next contended by the appellant that the court erred in permitting plaintiff Jarvis to detail the conversation of the witness Jarvis with T. E. Abington, Mr. Fiezendorf and McKnight. Jarvis testified at length about the loss of his property, and detailed conversations with these men, who represented the insurance company. No specific objection was made to any particular testimony, but the attorney for the appellant said: "I object to detailed conversation with Mr. Jarvis," and the court said: "Any conversation relating to the damage is permissible." The court further said that he had a right to show that they denied liability. Appellant made no further objection to the evidence until some testimony was offered about damage to other property, and this objection was promptly sustained. The court, after sustaining the objection, said: "The only thing now; you offered to prove the loss and they refused to settle. Now, the only thing that is necessary to prove by their testimony their estimate of what they agreed to put the house back in condition."

Then when the appellee offered evidence as to the result of the storm, the appellant objected to the introduction of anything except that which was covered by his claim. The court, after asking several questions, said: "You can ask him for the amount he was damaged and why he sued for less than that." The court sustained the objection to this testimony.

There was no error in the court's ruling on the admissibility of evidence. The appellant, however, contends that the court erred in giving instruction No. 1 and argues that it does not conform to the law governing the case.

Instruction No. 1 told the jury in effect that if they found from the evidence that the plaintiff had an insurance policy, and the policy was an obligation of the defendant insurance company, and if the plaintiff's property was covered by that insurance and was damaged by the windstorm, he is entitled to recover.

Instruction No. 2 objected to by appellant is one directing them under what circumstances and proof the plaintiff would be entitled to recover. There was no specific objection to this instruction, and no error in the court's giving it.

Appellant complains about the court's refusing to instruct the jury that if they found that the amount sued for was less than the amount of the mortgage debt, their verdict would be for defendant. What we have already said answers this objection.

The same objection was made to instruction No. 4; that if they found that the amount was less than the mortgage debt, the verdict must be for the defendant. The appellee was a proper party, had an interest in the subject matter, and the insurance company was also a party to the suit.

Several other instructions were objected to, but it would serve no useful purpose to set them out in full. We have carefully examined all the instructions and have reached the conclusion that there was no error in giving or refusing to give instructions.

That the policy was in force and effect and covered the property damaged is undisputed. The amount of the damage was a question of fact for the jury.

We find no error, and the judgment is affirmed.