HOME INSURANCE COMPANY *v.* THOMAS.

4-7477                                                   183 S. W. 2d 600

Opinion delivered November 27, 1944.

*Verne McMillen,* for appellant.

*Kenneth C. Coffelt* and *Charles W. Mehaffy,* for appellee.

McHANEY, J.   On January 12, 1938, appellant issued its policy of fire and tornado insurance to appellee, effective from noon January 18, 1938, to noon January 18, 1943, in the total sum of $4,250, for a total premium of $449.95, of which $89.99 was paid in cash and for the remainder appellee executed his installment note. The first installment of $89.99 was due and payable on February 1, 1939, and a like amount on February 1, 1940, 1941, and 1942.  Said note provided:

"And it is expressly agreed that in case any one of the installments herein named shall not be paid at maturity  . . ·.   this company shall not be liable for loss during such default, and the policy shall lapse until payment is made to the company at the Farm Department at Chicago."

Said policy also provided:

"It is expressly agreed that this company shall not be liable for any loss or damage that may occur to any of the property herein mentioned while any promissory note, or obligation, or part thereof, given for the premium, remains past due and unpaid, which suspension of liability will not be waived by failure of the insured to receive notice from the company of the approaching due

date of the note, or any part thereof, nor by any demand for the payment or collection thereof, in whole or in part, of any such premium note or installment thereof, nor by any effort or action by the company to collect, in whole or in part, any such premium note or installment thereof.''

''The installment on said note due February 1, 1939, was paid by check dated February 13, 1939, and received and accepted by the company on February 15, 1939; installment due February 1, 1940, was paid by check dated February 9, 1940, and received and accepted by the company on February 12, 1940; the installment due February 1, 1941, was paid by check dated February 12, 1941, and received and accepted by the company on February 14, 1941; and the installment due February 1, 1942, was not paid.

''On February 5, 1942, the property described in said policy was damaged by tornado in the sum of $2,978.''

On February 7, 1942, appellee mailed his check to appellant for $89.99 to cover the installment which became due February 1; which payment was refused by appellant and it later denied liability for the tornado loss and this action followed, which resulted in a judgment against appellant for the amount sued for with attorneys' fees. This appeal followed. The above facts were stipulated.

We think this case is ruled adversely to appellee by *American Insurance Co.* v. *Austin,* 178 Ark. 566, 11 S. W. 2d 475, where we very carefully considered an almost exactly similar situation and held the provisions in the note and the policy, such as are copied above, valid and enforceable, and that ''failure to pay a premium note, or a note given for a part of the premium, when it is due, constitutes a complete defense to an action upon a policy to recover for a loss occurring while such premium note is overdue and unpaid.'' We also said: ''The undertaking of appellant in this case was not to insure appellee's property from year to year, but for a period of five years,

on the condition that he pay one-fifth of the premium for five years in cash, and the balance at stated intervals mentioned in the note." We think this disposes of appellee's argument that on the payment and acceptance of an installment of a premium note, the policy is reinstated and is effective for one year from the date of the payment of such installment. "In other words," says he, "appellee paid the 1939 installment on February 13, 1939. His property was insured for a full year from that date. The same is true of the payment in 1940 on February 9, and the payment in 1941 on February 12." This contention cannot be sound and it is directly contradictory to the express language of the policy which provides, in this connection, ". . . such revival of liability to begin from the time of receipt of acknowledgment of said payment only and in no event to extend this policy beyond the original date of expiration." The expiration date of this policy is noon January 18, 1943, and if appellee's contention is correct it would extend this date to at least February 7, 1943, as February 7, 1942, is the date he tendered his check in payment of his installment due on February 1. At another place in his brief appellee adds the days he was delinquent in his previous payments, finds them to be 32 and says, if appellant's contention is true, he had no insurance for those days, and this is true. During the days he was delinquent on his installments, his policy by clear and express language, was suspended. It is a penalty appellee paid for breach of his agreement to pay on a certain day. See our quotation in the Austin case from *Blackerby* v. *Continental Ins. Co.*, 83 Ky. 574, 12 Ann. Cas. 626, note. See, also, *McCullough* v. *Home Ins. Co.*, 118 Tenn. 263, 100 S. W. 104, 12 Ann. Cas. 626, from which we quoted with approval in *American Ins. Co.* v. *Austin, supra,* where this same appellant was held not liable under exactly similar facts and circumstances.

The trial court erred in not directing a verdict for appellant at its request and the judgment is reversed and the cause dismissed,

ROBINS, J., dissenting. In my humble opinion, logic and simple arithmetic require affirmance of the judgment of the lower court in this case.

Under the policy issued by it appellant agreed to insure the property of appellee for a term of five years. The total amount of the premium agreed on for this insurance was $449.95, payable in five equal annual installments of $89.99 each, the first of which was paid in cash by appellee, and the other four annual installments being evidenced by a promissory note, the first deferred installment being payable at the beginning of the second policy year, the next deferred installment being payable at the beginning of the third policy year, the next deferred installment being payable at the beginning of the fourth policy year, and the last deferred installment being payable at the beginning of the fifth policy year. This note provided that if appellee failed to pay any installment at maturity appellant might declare due and earned any installment subsequently maturing.

Appellee paid the cash installment and paid the installments due at the beginning of the second, third and fourth policy years, respectively. Although appellee failed to pay any one of the three deferred installments when they fell due—the first deferred installment was not paid until February 15, 1939, fourteen days after it matured, the second deferred installment was not paid until February 12, 1940, eleven days after it matured, and the third deferred installment was not paid until February 14, 1941, thirteen days after it matured—appellant accepted these installments without any question and the insurance was continued in effect. Appellee, on February 7, 1942, six days after maturity date of the fifth installment, mailed check to the company for this installment, and, in the meantime (February 5, 1942) the insured property was destroyed by a windstorm. Appellant having learned thereof, refused to accept appellee's check for the last installment, and declared the policy forfeited for nonpayment of premium.

Appellant's action in accepting the premium installments when tendered from eleven to fourteen days after

they had fallen due and continuing the insurance in force by reason of such delayed payment had one of these two consequences:

First, the company, in accepting these installments after they fell due, treated the payment of the premium as reinstating the policy as of the date of the lapse, and, in such case, of course the reinstatement would be retroactive and it would follow that the insurance was in effect during the period of default; or,

Second, the company treated the insurance policy as being *ipso facto* canceled on the date of maturity of the premium and as being renewed and put in effect again by the payment of the premium. In this event of course it would follow that there was no insurance in force during the period of default, but, in such event, the date of the beginning and ending of the insurance term would necessarily be moved up to conform to the date of the reinstatement. In other words, under the stipulation in this case, appellee failed to pay the installment due on February 1, 1941, when it was due, and the policy therefore lapsed and appellee had no insurance whatever until appellant accepted his payment on February 14, 1941, and reinstated the policy. When appellee made this payment of $89.99 on February 14, 1941, he paid the required premium for insurance for one year, and this year did not expire until February 14, 1942, which was nine days after the loss occurred. To hold that by reason of appellee failing to pay his premium promptly the amount of his premium was automatically increased is to deny to the contract between the parties—the application and the policy—the commonsense construction that every contract ought to receive. Certainly there is no express language in either the application or the policy that would justify any such interpretation; and the language of the contract being that of the insurer it must be construed strictly against the insurer and liberally in favor of the insured. *Arkansas Insurance Company* v. *McManus,* 86 Ark. 115, 110 S. W. 797; *Industrial Mutual Indemnity Company* v. *Hawkins,* 94 Ark. 417, 127 S. W. 457, 29 L. R. A., N. S., 635, 21 Ann. Cas. 1029; *Fidelity &*

*Casualty Company* v. *Meyer,* 106 Ark. 91, 152 S. W. 995, 44 L. R. A., N. S., 493; *Aetna Life Insurance Company* v. *Spencer,* 182 Ark. 496, 32 S. W. 2d 310; *National Union Fire Insurance Company* v. *Henry,* 181 Ark. 637, 27 S. W. 2d 786.

Under either view of the matter the insurance was in force at the time the loss occurred.

What appellant is seeking to do is to take the benefits of both of the two situations set out above without assuming the burden of either. This it should not be permitted to do.