SEABOARD FIRE & MARINE INSURANCE COMPANY
OF NEW YORK *v.* KEYS.

5-618 275 S. W. 2d 641

Opinion delivered February 21, 1955.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Willis & Walker,* for appellee.

ROBINSON, J. This is a suit on a policy of fire insurance. The appellant insurance company by special appearance moved to quash the summons and dismiss the complaint on the ground that the Boone Circuit Court was without jurisdiction. Upon a hearing on the motion, the facts were stipulated. The court overruled the motion to dismiss; the defendant declined to plead further,

and judgment was entered for the plaintiffs, appellees here. On appeal there is but one issue; did the Boone Circuit Court have jurisdiction of the cause?

It appears that the policy was issued by appellant's agent located at Harrison in Boone County, Arkansas; the property insured is located in Pope County, Arkansas, and the person to whom the policy was issued, appellee Ella Keys, lives in Pope County. The appellee Commercial Bank of Harrison is located in Boone County and is named in the mortgage or loss payable clause, the policy providing: "any loss that may be ascertained and proven due the insured hereunder shall be payable first to Commercial Bank, Harrison, Arkansas, as interest may appear." The mortgagee is a proper party plaintiff. *National Union Fire Insurance Co.* v. *Henry,* 181 Ark. 637, 27 S. W. 2d 786.

Appellant contends that the suit on the policy can be maintained only in Pope County, the place where the loss occurred and where Ella Keys lives. Ark. Stats., § 66-516, is relied on, and it is maintained that this statute fixes the venue in cases of this kind in the county where the loss occurred "or in the county where the *assured* resides and maintains his residence at the time said fire occurred," and that Ella Keys is the assured.

We do not reach the question of whether § 66-516 fixes the venue in one of two counties only—first, where the loss occurred, or second, where the assured resides —because here one of the plaintiffs, the Commercial Bank of Harrison, is domiciled in Boone County, the place where this case was filed; and the bank under the terms of the policy is one of the assured named therein. Therefore the cause was filed where the assured resides and maintains his residence at the time said fire occurred.

It will be recalled that the policy recognizes the bank as mortgagee and provides that "any loss that may be ascertained and proven due the insured hereunder shall be payable first to Commercial Bank, Harrison, Arkansas, as interest may appear." Hence the provisions of

the policy make the bank an assured. In *Commodity Credit Corp.* v. *American Equitable Assurance Co.*, 198 Ark. 1160, 133 S. W. 2d 433, it was held that the credit corporation was the assured under policies of insurance issued to the Trumann Compress & Warehouse Company "for the account of whom it may concern." In the case at bar the policy specifically provides that it is for the benefit of the bank as its interest may appear.

In connection with a fire insurance company, the word "assured" means those who are to be indemnified against loss by fire. *Rent-A-Car Co.* v. *Globe & Rutgers Fire Ins. Co.*, 158 Md. 169, 148 Atl. 252. A fire insurance policy providing that in case of loss the assured should give immediate notice, stating the number of the policy and the name of the agent, the word "assured" does not mean only the person to whom the policy was issued, but a mortgagee to whom the policy was made payable in case of loss, as his interest should appear, was one of the parties assured within the meaning of the policy. *Watertown Fire Ins. Co.* v. *Grover & Baker Sewing Machine Co.*, 41 Mich. 131, 1 N. W. 961. *Words & Phrases*, Permanent Edition, Vol. 4, p. 636.

The principal sum involved here is $7,500. The trial court assessed 12% penalty and allowed an attorney's fee in the sum of $1,000. We are asked to allow an additional fee of $500 in this court, but we think an additional fee of $250 would be reasonable.

Affirmed.

Mr. Justice McFADDIN dissents.