ROBERT L. LISENBY v. FARM BUREAU MUTUAL INSURANCE
COMPANY OF ARKANSAS, INC.

5-4617                                        431 S.W. 2d 484

Opinion Delivered September 16, 1968

*Reinberger, Eilbott, Smith & Staten* for appellants.

*Cockrill, Laser, McGehee, Sharp & Boswell* for appellee.

GEORGE ROSE SMITH, Justice.    The question here is whether homeowners whose house is destroyed by fire can maintain successive suits upon their fire insurance policy, first to recover for the loss of the house and then to recover for the loss of its contents.    This appeal is from the trial court's holding that the successful maintenance of the first suit was bar to the second suit.    We hold that the court's conclusion was correct.

The Lisenbys obtained from the appellee a homeowner's policy which insured their dwelling for $10,000 and its contents for 40% of that amount.    House and contents were totally destroyed by fire.    The Lisenbeys at first filed suit to recover $10,000 for the loss of the house and $4,000 for the loss of their personal proper-

ty. The insurer interposed several defenses. Before trial the plaintiffs took a nonsuit with respect to the personal property—perhaps to safeguard their claim to the statutory penalty and attorney's fee, since the valued policy law applies only to real estate. Ark. Stat. Ann. § 66-3901 (Repl. 1966). The jury's verdict awarded the plaintiffs the full $10,000. They then brought the present action for the loss of the personal property, which the complaint valued at $3,300. The trial court, as we have said, entered judgment for the defendant.

In seeking a reversal the appellants cite primarily decisions of this court holding insurance policies to be severable contracts. In *Globe & Rutgers Fire Ins. Co.* v. *Chisenhall*, 162 Ark. 231, 258 S.W. 135 (1924), the policy insured a dwelling house for $2,000 and a barn for a like amount. After the house burned the insurer paid that loss and purportedly canceled the policy. The barn then was destroyed by a second fire. We held that the policy was in effect two contracts; so that the cancellation of the first, with respect to the house, did not affect the second, covering the barn. That case was followed upon analogous facts in *National Union Fire Ins. Co.* v. *Henry*, 181 Ark. 637, 27 S.W. 2d 786 (1930).

We do not consider those cases to be pertinent here, because they did not involve the matter of splitting a cause of action. That was the issue in *State Life Ins. Co.* v. *Goodrum*, 189 Ark. 509, 74 S.W. 2d 230 (1934), also cited by the appellants, where the insurer on different dates had issued two different policies upon the life of the insured. We held that the beneficiary had a separate and distinct cause of action upon each policy and therefore could maintain successive suits following the death of the insured.

This case is almost the exact opposite of that one and consequently is not governed by that ruling. Here only one policy was issued. Only one premium was paid. Under the printed contract the personal property coverage was expressed not in dollars and cents but

as a fraction (40%) of the real property coverage. There was only one fire. Apart from the effect of valued policy law, the issues with respect to the real property loss were exactly the same as those with respect to the personal property loss. It is hard to conceive of a situation in which the first lawsuit would be so nearly identical with the second one.

Needless to say, the rule against the splitting of a single cause of action is intended to keep defendants from being harassed by a multiplicity of suits and to lighten the already overcrowded dockets of the trial courts. In finding the existence of a single cause of action we have placed some emphasis upon the fact that the several claims arise from a single transaction. *Eiermann* v. *Beck,* 221 Ark. 138, 252 S.W. 2d 388 (1952). In the case at bar we are firmly of the view that the fire created only one cause of action and that the plaintiffs ought not to be permitted to subdivide that cause of action, thereby burdening the defendant and the courts with the waste of time and expense that attends a needless jury trial.

Affirmed.

HARRIS, C. J., not participating, and FOGLEMAN, J.. disqualified.